IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| FELIPE PANIAGUA,<br><br>     Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>     Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY<br><br>Case No. 4:24-CV-00028-AMA<br>Criminal Case No. 4:22-CR-0003-HCN-PK<br><br>District Judge Ann Marie McIff Allen |

  This matter is before the Court on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. For the reasons discussed below, the Court will deny the Motion and dismiss this case.

I. BACKGROUND

  Petitioner was charged in a Felony Indictment on January 12, 2022, with possession of methamphetamine with intent to distribute and carrying a firearm during and in relation to a drug trafficking crime. Petitioner pleaded guilty to Count One on May 2, 2022. Petitioner was sentenced, and Judgment was entered, on August 10, 2022. Petitioner indicates he mailed the instant Motion to the Court on February 29, 2024. The Motion was entered on the Court's docket on March 5, 2024.

II. DISCUSSION

  In general, a prisoner may not file a § 2255 motion more than one year after his conviction becomes final. *See United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997),

1

*overruled on other grounds by*, United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003). 28 U.S.C. § 2255(f) provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Judgment was entered in this case on August 10, 2022. Petitioner did not file a direct appeal. Petitioner's conviction thus became final under § 2255(f)(1) when the time to file a direct appeal expired on August 24, 2022. *United States v. Anthony*, 25 F.4th 792, 800 (10th Cir. 2022) ("a judgment becomes final when the defendant's time to file a direct appeal expires"); *see* Fed. R. App. P. 4(b)(1)(A) (providing for fourteen-day appeal period in criminal cases). As a result, Petitioner was required to submit his petition by August 24, 2023, for it to be considered timely under this provision. Petitioner did not submit his Motion until February 29, 2024, over six months too late. Petitioner makes no argument that his Motion is timely under the other provisions of § 2255(f). Therefore, the Court finds that it is barred by the statute of limitations.

The one-year statute of limitations is subject to equitable tolling in "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (internal quotation marks omitted). "To be entitled to equitable tolling, [Petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (internal quotation

marks omitted). "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (internal quotation marks omitted).

Petitioner provides no argument or evidence that could lead the Court to conclude that equitable tolling is appropriate here. Petitioner offers two possible bases, neither of which is sufficient.[1] First, he states that his counsel failed to file an appeal. This does not avail Petitioner. As a threshold matter Petitioner does not explain how the failure to file an appeal delayed his petition. Moreover, the Tenth Circuit has held that where, as here, a defendant waives his right to appeal, counsel's failure to file an appeal does not amount to a rare and exceptional circumstance that might justify equitable tolling. *See United States v. Romero-Cruz*, 245 F. App'x 797, 801 (10th Cir. 2007). Second, Petitioner states that he was unable to make a timely filing because the prison was on lockdown. Yet Petitioner does not explain when, or for how long, the prison was locked down. Nor has he described any efforts he made to diligently pursue his rights despite the lockdown. Accordingly, he has not shown the failure to file timely was caused by extraordinary circumstances beyond his control that might allow for tolling. *See Donald v. Pruitt*, 853 F. App'x 230, 234 (10th Cir. 2021) (denying request for certificate of appealability where petitioner had not shown he was pursuing his rights diligently throughout the one-year window, including prior to prison lockdown petitioner cited as cause of tardy petition). Therefore, the Court will dismiss the Motion.

---

[1] *See* ECF No. 1, Ex. 3 at 12.

## III.  CONCLUSION

It is therefore ORDERED that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 1 in Case No. 4:24-CV-00028-AMA) is DENIED and DISMISSED.

It is further ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required.

It is further ORDERED that pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the Court DENIES Petitioner a certificate of appealability.

DATED this 16th day of May 2024.

BY THE COURT:

_____
Ann Marie McIff Allen
United States District Judge